FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BEN ALAN BURKEY,<br><br>    Petitioner,<br><br>    v.<br><br>DONALD HOLBROOK,<br><br>    Respondent. | 2:18-cv-00269-SMJ<br><br>**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Ben Alan Burkey's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, ECF No. 27. Petitioner was convicted following a jury trial of first degree murder and several other crimes. Petitioner alleges his constitutional rights were violated because (1) the prosecution knowingly offered perjured testimony during his trial, (2) the prosecutor failed to disclose a plea agreement with a witness who testified in Petitioner's trial, (3) Petitioner's attorney was ineffective by failing to inform him about a plea agreement offered by the prosecution, and (4) after the prosecution withdrew from a tentative plea agreement, Petitioner's attorney was ineffective in failing to seek to have the agreement enforced. Having reviewed the petition and the state court record, the Court finds no errors violative of clearly established federal law and so dismisses the petition.

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 1

# BACKGROUND

On December 15, 2015, a Washington jury found Petitioner guilty of first degree murder, first degree kidnapping, conspiracy to commit first degree kidnapping, first degree robbery, and first-degree assault, with firearm enhancements as to each count. *See* ECF No. 33-1 at 3. Defendant was accused of, together with an accomplice, kidnapping and bludgeoning to death a man named Rick Tiwater, whom Petitioner suspected of cooperating with law enforcement.[1] *See id.* at 355. The events culminating in Mr. Tiwater's death began in Petitioner's home, where Petitioner assaulted Tiwater. *Id.* Petitioner allegedly directed his then-girlfriend, Patricia Lascelles, to summon James Tesch, Petitioner's accomplice and co-conspirator to the house. *Id.* Upon arriving, Tesch kicked Tiwater, struck him with a ball peen hammer, and dragged him throughout the home. *Id.* At some point after Tiwater lost consciousness, Petitioner and Tesch took him to a remote wooded area where they ultimately killed him. *Id*. Tiwater's body was later discovered with numerous blunt force injuries and burns to much of his body. *Id.*

The State of Washington charged Petitioner and Tesch with several crimes for

---

[1] The sequence of events leading up to Mr. Tiwater's death was disputed at trial. The version of events recounted here is drawn largely from the summary provided by the Washington Court of Appeals on direct review of Petitioner's retrial and is included principally for context. *See* ECF No. 33-1 at 354–75.

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 2

Tiwater's murder. The case proceeded to a jury trial in 2006, and Petitioner was found guilty, but the convictions were reversed by the Washington Court of Appeals for violations of Petitioner's right to a public trial. *See id.* at 354. During Petitioner's retrial in 2015, several of the witnesses from the 2006 trial were unavailable to testify, and the prosecution introduced transcripts of their testimony from the original trial. *Id.* at 355–56. Ms. Lascelles was one such witness. *Id.* at 356–57. During the 2005 trial, Lascelles testified she had summoned Tesch at Petitioner's direction, described the assault on Tiwater at Petitioner's home, recounted Petitioner and Tesch leaving with the unconscious Tiwater, and testified that she had destroyed bloody clothes and a golf club at Petitioner's direction once they returned. *Id.*

A jury again found Petitioner guilty of first-degree murder, first degree kidnapping, conspiracy to commit first degree kidnapping, first degree robbery, and first-degree assault, and found he had wielded a deadly weapon in the commission of each crime. *Id.* at 3, 354. The trial court found the first degree robbery and first degree kidnapping counts merged into the first degree murder count, and imposed a total of 548 months' imprisonment for those charges, as well as a fifty-one month sentence for the conspiracy charge and a 123 month sentence for the assault charge, each of the latter to run consecutively to the sentence for the murder conviction. *Id.* at 8. The weapon enhancements resulted in additional periods of incarceration. *Id.* All told, Petitioner was sentenced to a term of 830 months' imprisonment. *Id.*

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 3

1  Petitioner, represented by counsel, appealed to the Washington Court of
2  Appeals, alleging the trial court erred in a number of ways. *Id.* at 22–71. Petitioner
3  also filed a *pro se* brief asserting five additional grounds for relief, as well as a *pro se*
4  personal restraint petition asserting four further grounds for relief. *Id.* at 78–227. The
5  Court of Appeals consolidated the filings and affirmed Petitioner's conviction and
6  sentence but remanded for correction of a scrivener's error concerning the statutory
7  provision under which Petitioner was convicted of murder. *Id.* at 354–75. Petitioner
8  sought discretionary review by the Washington State Supreme Court, which denied
9  the petition on June 6, 2018. *Id.* at 377–471.

10  Petitioner then filed a second personal restraint petition, asserting new grounds
11  for relief, before the Washington State Supreme Court, which transferred the petition
12  to the Washington Court of Appeals. *Id. at* 473–520. The Court of Appeals denied the
13  petition, and on October 30, 2019, the Washington State Supreme Court denied
14  Petitioner's request for discretionary review. *Id.* at 551–601.

15  On August 21, 2018, Petitioner sought a writ of habeas corpus from this Court
16  pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court screened the petition and ordered
17  a response from Respondent. ECF No. 6 at 1–3. Respondent filed a response, arguing
18  Petitioner had failed to exhaust available state court remedies on several of the
19  grounds for relief set forth in the petition. ECF No. 8 at 20–26. Petitioner subsequently
20  moved to stay review of his petition while he exhausted available state remedies, and

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 4

the Court granted that motion. ECF Nos. 10, 15. The stay was continued several times while Petitioner presented his claims to the Washington courts, and was eventually lifted on November 19, 2019, after the Washington State Supreme Court denied discretionary review of Petitioner's second personal restraint petition. ECF No. 29. Petitioner submitted an amended petition for a writ of habeas corpus asserting four grounds for relief: (1) that the prosecution knowingly introduced perjured testimony during his retrial, (2) that the prosecution failed to disclose potential impeachment evidence, (3) that his attorney was ineffective in failing to communicate a proposed plea agreement to him, and (4) that his attorney was ineffective in failing to seek to enforce the terms of a preliminary plea agreement from which the prosecution withdrew. *See* ECF No. 27.

## LEGAL STANDARD

Under 28 U.S.C. § 2254, a person in custody pursuant to a state court judgment may challenge the constitutionality of the basis for his custody in federal court after exhausting his remedies in state court. Relief may only be granted on a claim that was adjudicated on the merits in the state court if that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Id.* § 2254(d).

1    "'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)). The state court ruling is presumed correct and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.* § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418–19 (9th Cir. 1994). The Court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

**DISCUSSION**

**A.    Petitioner properly exhausted his claims in state court and timely filed the petition**

The record demonstrates that Petitioner fairly presented his claims to the Washington State Supreme Court and has therefore exhausted available state remedies under 28 U.S.C. § 2254(b). *See* ECF No. 33-1 at 471, 600–01. Respondent does not dispute this conclusion. *See* ECF No. 32. The amended petition was filed on

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 6

1  November 11, 2019, within one year from the date on which the Washington State
2  Supreme Court denied Petitioner's request for discretionary review of his second
3  personal restraint petition. ECF No. 33-1 at 600–01. The petition is therefore timely.
4  28 U.S.C. § 2244(d)(1)(A).

5  **B.    The state court did not err by admitting allegedly perjured testimony**

6  Petitioner first contends the prosecution knowingly offered perjured testimony
7  during his retrial. ECF No. 33-1 at 20–27. Specifically, Petitioner contends Lascelles
8  perjured herself during his 2005 trial, and the prosecution violated his constitutional
9  rights by introducing transcripts of that testimony during Petitioner's retrial. *Id.*

10 During Petitioner's first trial, Lascelles's testimony was interrupted by a
11 lengthy conference outside the jury's presence during which the prosecution
12 expressed concern that Lascelles had knowingly offered false testimony. *See* ECF No.
13 33-1 at 21–32; ECF No. 27-2 at 1–2. The State of Washington subsequently charged
14 Lascelles with perjury for her testimony. *See* ECF No. 33-1 at 603. But in granting
15 Lascelles's motion to enforce the non-prosecution provision of her plea agreement
16 with the State of Washington, the state trial court found Lascelles "did not make false
17 statements, which she knew to be false while under oath, during her testimony in the
18 [trial of Petitioner] in any of the four instances at issue." ECF No. 33-1 at 603.

19 During Petitioner's retrial, the trial court granted the prosecution's motion to
20 introduce the transcript of Lascelles's earlier testimony because she could not be

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 7

located to attend the retrial. ECF No. 9-2 at 337–351. After the jury found Petitioner guilty, he moved for a new trial, arguing, among other things, that the admission of Lascelles's allegedly perjured testimony violated his rights. ECF No. 27-3 at 21–29. The trial court denied that motion, finding based on the conclusions of law in Lascelles's perjury prosecution that the testimony was not perjured. *See* ECF No. 27-4 at 10. The Washington Court of Appeals affirmed the trial court's ruling. *Id.* at 461–62 ("The argument [that the state knowingly introduced perjured testimony] has already been addressed by the trial court and the court determined, based on substantial evidence, that there had been no perjury. Given this circumstance, the State was entitled to rely on Ms. Lascelles's testimony.").

It is well settled that under the Fourteenth Amendment, a state may not obtain the conviction of a criminal defendant by knowingly eliciting perjured testimony, nor by allowing "it to go uncorrected when it appears." *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (citations omitted). As such, "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976).

Having reviewed the decision of the Washington courts, the Court cannot find the admission of Lascelles's testimony during Petitioner's retrial was so obviously erroneous as to warrant federal habeas relief. *See* 28 U.S.C. § 2254(d). Though there

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 8

was discussion of whether Lascelles knowingly offered false testimony during Petitioner's original trial, *see, e.g.*, ECF No. 27-2 at 21–22, and Lascelles was in fact prosecuted for that testimony, a Washington trial court evaluated her statements and concluded they did not amount to perjury. ECF No. 33-1 at 603.

Though the trial court in Petitioner's case implicitly recognized that it would be improper to admit perjured testimony, it reached the same conclusion as the trial court in Lascelles's prosecution: that her testimony was not perjured. ECF No. 27-4 at 10. In seeking a writ of habeas corpus, it is Petitioner's burden to establish, by clear and convincing evidence, that the trial court's decision was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. §§ 2254(d)(1), (e)(1). In his amended petition, Petitioner simply recounts the admission of Lascelles's testimony during his retrial, contending the state prosecutor knew that testimony to be perjured at the time it was offered. ECF No. 27 at 20–27. He makes no effort to show, however, how the trial court's ruling that Lascelles's testimony was not perjured was "an unreasonable determination of the facts in light of the evidence presented," and the Court's review of the record discloses nothing to support that conclusion. 28 U.S.C. § 2254(d)(2). Petitioner is therefore entitled to no relief on the first ground set out in the petition.

C.  **The prosecution did not withhold exculpatory impeachment evidence**

Petitioner next contends the State of Washington violated his rights by failing

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 9

1  to disclose a plea agreement it entered with Lascelles that required her cooperation in
2  Petitioner's prosecution. ECF No. 27 at 27–30. Petitioner contends this failure
3  prevented his attorney from effectively cross-examining Lascelles, exposing to the
4  jury how the prosecution had induced her testimony. *Id.* at 29. Petitioner argues this
5  violated his Fourteenth Amendment rights under the standard set out in *Brady v.*
6  *Maryland*, 373 U.S. 83 (1963) and its progeny. *Id.* at 28.

7  In a criminal case, the Government must disclose to the Defendant all evidence
8  "that is both favorable to the accused and 'material either to guilt or to punishment.'"
9  *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87).
10 Evidence qualifies as material when "there is a reasonable probability that, had the
11 evidence been disclosed to the defense, the result of the proceeding would have been
12 different." *Id.* at 682; *see also United States v. Tham*, 884 F.2d 1262, 1266 (9th Cir.
13 1989). Under *Brady*, significant impeachment evidence may be material such as to
14 require disclosure. *See United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (citing
15 *Giglio v. United States*, 405 U.S. 150, 154 (1972)). To prevail, a Defendant asserting
16 a *Brady* claim must show, for material evidence that was never disclosed, that the
17 Government "'wilfully or inadvertently' suppressed the information." *Williams v.*
18 *Ryan*, 623 F.3d 1258, 1264 (9th Cir. 2010) (citing *Strickler v. Greene*, 527 U.S. 263,
19 281–82 (1999)).

20 In moving for a new trial after he was convicted in 2015, Petitioner asserted the

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 10

1  prosecution failed to disclose its plea agreement with Lascelles. *See* ECF No. 9-2
2  at 269–72. The state trial court determined the prosecution had, in fact, disclosed the
3  plea agreement to Petitioner's attorney during his 2005 trial, though the attorney
4  evidently declined to raise the agreement in cross-examining Lascelles. *Id.* at 269–70.
5  The trial court therefore concluded that, notwithstanding the representation by the
6  attorney who represented Petitioner during his 2015 retrial that she was unaware of
7  the agreement, the prosecution had satisfied its disclosure obligation and the plea
8  agreement could have been easily discovered by Petitioner's later trial counsel. *Id.*
9  at 271. The trial court also concluded Lascelles's plea agreement was not material,
10 finding there was "little likelihood that that evidence would have changed the result
11 of the trial." *Id.* at 270.

12    The Washington Court of Appeals affirmed the trial court's ruling, concluding
13 that "it is apparent the State never withheld exculpatory impeachment evidence." ECF
14 No. 9-1 at 363 ("By disclosing Ms. Lascelles's plea agreement to [Petitioner]'s initial
15 trial counsel (the only attorney to ever cross-examine Ms. Lascelles), the State
16 disclosed sufficient information to enable [Petitioner] to take advantage of any
17 exculpatory value from the plea agreement." (citing *State v. Mullen*, 259 P.3d 158,
18 166–67 (Wash. 2011)).

19    Petitioner has failed to establish that the state court's ruling on his *Brady* claim
20 was contrary to, or an unreasonable application of, clearly established federal law, or

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS
CORPUS – 11

that its determination of the facts was objectively unreasonable in light of the evidence. Petitioner does not appear to dispute that the prosecution did, in fact, disclose the plea agreement to his original attorney. The Washington Court of Appeals concluded this satisfied the prosecution's *Brady* obligation, and that Petitioner had "sufficient information to enable [him] to take advantage of any exculpatory value from the plea agreement." ECF No. 9-1 at 363. Petitioner identifies no binding federal precedent establishing an obligation to re-disclose potential *Brady* evidence to a criminal defendant's new attorney prior to the defendant's retrial. As such, the Court cannot find the state court's adjudication of Petitioner's *Brady* claim was contrary to, or an unreasonable application of, clearly established federal law, and Petitioner is entitled to no relief on the second ground of his petition. 28 U.S.C. § 2254(d)(1).

D.   **Ineffective Assistance of Counsel**

The third and fourth grounds of the petition both center on allegations that Petitioner's trial counsel was constitutionally deficient, and thus the Court analyzes them together. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish that defense counsel provided constitutionally ineffective assistance, the defendant must show "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to show either element

defeats the claim. *Id.* at 697.

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This standard requires "reasonableness under prevailing professional norms" and "in light of all the circumstances." *Id.* at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To do so, the defendant must show counsel's performance cannot be explained as a legitimate strategic or tactical decision. *Id.* Prejudice occurs if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This standard requires evaluating the totality of the record. *Id.* at 695.

### 1. Any failure of defense counsel to communicate a proposed plea agreement did not result in prejudice

Petitioner first argues his attorney was ineffective by failing to communicate a plea agreement offered by the prosecution. ECF No. 27 at 30. Specifically, Petitioner contends the prosecution extended an offer of settlement whereby Defendant would plead guilty to second degree murder with a firearm enhancement, which Petitioner's attorney rejected without first consulting Petitioner. ECF No. 27-1 at 1–5.

In denying Petitioner's second personal restraint petition, the Washington Court of Appeals concluded that, even accepting the truth of Petitioner's allegations, he had

1  failed to demonstrate prejudice given that only one month later Petitioner, through his
2  attorney, proposed to the prosecution a plea agreement on identical terms. ECF
3  No. 33-1 at 590. According to a sworn declaration of Petitioner's counsel, the
4  prosecution tentatively accepted the proposal contingent on approval of Tiwater's
5  family, who ultimately rejected it. *Id*. Thus the Court concluded Petitioner had failed
6  to demonstrate how the alleged failure to communicate the proposed plea agreement
7  prejudiced him. *Id.* at 591 ("[Petitioner] can offer no argument that acceptance of the
8  same plea proposal a month earlier would have led to a different result."). The
9  Washington State Supreme Court reached the same conclusion in denying Petitioner's
10 request for discretionary review. *Id*. at 600–01. Both state courts identified the
11 appropriate legal standard and found Petitioner had failed to demonstrate prejudice.
12 *See* ECF No. 33-1 at 587–89 (citing *Strickland*, 466 U.S. at 687); *id.* at 601 (holding
13 Petitioner must show prejudice from allegedly deficient performance of counsel).

14  Petitioner fails to cite any Supreme Court precedent establishing that a defense
15 attorney's failure to communicate a proposed plea agreement prejudices the defendant
16 when the defense, weeks later, proposes an identical agreement. 28 U.S.C.
17 § 2254(d)(1). Indeed, it is difficult to see how under such circumstances "there is a
18 reasonable probability that, but for counsel's unprofessional errors, the result of the
19 proceeding would have been different." *Strickland*, 466 U.S. at 694. Nor has Petitioner
20 established that the Washington Court of Appeals' factual findings were objectively

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS
CORPUS – 14

unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(2). The Washington courts identified the legal standard applicable to Defendant's ineffective assistance claim, and their application of that standard was not objectively unreasonable. Petitioner is thus entitled to no relief on the third ground for relief in his petition.

> **2.  Defense counsel's failure to enforce the preliminary plea agreement was not deficient**

Petitioner also contends his attorney rendered ineffective assistance by failing to attempt to enforce the preliminary plea agreement that the prosecution tentatively accepted subject to approval by Tiwater's family. ECF No. 27-1 at 5–10. In denying Petitioner's second personal restraint petition, the Washington Court of Appeals held that because Petitioner had not yet pleaded guilty, the prosecution was entitled to withdraw from the tentative agreement unless Petitioner had detrimentally relied on that agreement. ECF No. 33-1 at 555 (citing *State v. Wheeler*, 631 P.2d 376, 378–79 (Wash. 1981); *State v. Bogart*, 788 P.2d 14, 16 (Wash. Ct. App. 1990)). The Court of Appeals noted that while Petitioner asserted he relied on the preliminary agreement to his detriment, he failed to establish how he had done so or show how his trial was affected by the prosecution's withdrawal from the agreement. *Id.* ("[Petitioner's] 'psychological' reliance on the prosecutor's proposal is insufficient to constitute the detrimental reliance necessary for an enforceable plea."). The Washington State Supreme Court also concluded that because Petitioner could not establish detrimental

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 15

1  reliance, he could not show his attorney's assistance was ineffective. *Id.* at 601.

2  Petitioner identifies no clearly established federal law holding that a prosecutor's withdrawal from a preliminary plea agreement violates a criminal defendant's constitutional rights. ECF No. 27-1 at 5; 9–10. While the Court's inquiry reveals circuit-level decisions announcing a standard virtually identical to the one on which the Washington courts relied, *see, e.g.*, *United States v. Gonzalez Vazquez*, 719 F.3d 1086, 1089 (9th Cir. 2013) (holding plea agreement may become binding if defendant detrimentally relies on it), that is insufficient to grant federal habeas relief. *See Lockyer*, 538 U.S. at 71–72 (holding federal habeas relief only available if decision of state courts was contrary to "the governing legal principle or principles set forth by the *Supreme Court* at the time the state court renders its decision" (emphasis added)); 28 U.S.C. § 2254(d)(1). The Court is aware of no decisions by the United States Supreme Court clearly establishing such a rule. *See Missouri v. Frye*, 566 U.S. 134, 154 (2012) (Scalia, J., dissenting) (noting lack of clear federal precedents concerning plea negotiation process).

Moreover, even if the rule adopted by the circuit courts were clearly announced by the Supreme Court, Petitioner has not shown the state courts' adjudication of his claim was contrary to, or an unreasonable application of, that standard. 28 U.S.C. § 2254(d)(1). While Petitioner summarily states he detrimentally relied on the proposed plea agreement, he fails to explain how, and the record reveals no way in

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 16

1  which he was prejudiced by the prosecution's withdrawal from the agreement. ECF
2  No. 27-1 at 9. In sum, Petitioner has failed to show the prosecution's withdrawal of
3  the proposed plea agreement after Tiwater's family objected was a violation of his
4  rights under clearly established federal law. 28 U.S.C. § 2254(d)(1). He is therefore
5  entitled to no relief on the fourth and final ground of the petition.

**E.     No certificate of appealability shall issue**

An unsuccessful habeas petitioner may only appeal the district court's adverse ruling after obtaining a "certificate of appealability" from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only where the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). Such a showing is made when the Court determines "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). The Court finds Petitioner has not made such a showing and no certificate of appealability shall issue.

## CONCLUSION

The Court's independent review of the state court proceedings discloses no violations of clearly established federal law. Petitioner is therefore entitled to no relief, and the petition is dismissed. Moreover, the Court cannot find that reasonable jurists

ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS – 17

could debate the merits of Petitioner's claims on habeas review, and thus no certificate of appealability shall issue.

Accordingly, **IT IS HEREBY ORDERED**:

Petitioner's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, **ECF No. 27**, is **DISMISSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and forward a copy to Petitioner and counsel for Respondent.

**DATED** this 1st day of May 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge